UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN YOUNG, | ) | CV 07-3190 RSWL (RZx) |
| | ) | |
| Plaintiff, | ) | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |
| v. | ) | |
| ARON WOLFE ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

After consideration of Defendants Aron Wolfe et al.'s ("Defendants") Motion for Partial Summary Judgment [173], this Court makes the following findings of fact and conclusions of law:

## UNCONTROVERTED FACTS

1. On May 15, 2004, Plaintiff was an inmate awaiting trial at Men's Central Jail on burglary and receipt of stolen property charges in criminal case LA045506. Defs.' Separate Stmt. of Undisputed Facts in Support of Mot. for Partial Summ. J. ("SUF") ¶¶ 1, 2.

2. On that day Plaintiff was involved in a physical altercation with several Los Angeles County

1

Sheriff's deputies.  Id. ¶ 2.

3. On November 10, 2004, Plaintiff was sentenced to two years (730 days) in prison on the burglary and receipt of stolen property charges in criminal case LA045506.  Id. ¶ 3.

4. The criminal court granted Plaintiff a total credit of 393 days in custody, which included 262 days of actual pre-conviction custody and 131 days of good time/work time credit.  Id.

5. On July 19, 2004, Plaintiff was criminally charged based on the events of May 15, 2004, but was acquitted by a jury on September 8, 2005.  Id. ¶ 4; Jeff Price Decl., Ex. 3, at 1.

6. On September 14, 2005, the criminal court held a proceeding to hear Plaintiff's motion to modify his sentence imposed on November 10, 2004 for the case LA045506.  Id. ¶ 5.

7. The criminal court granted Plaintiff's motion, and granted 463 additional custody credits, which included 309 actual days in custody and 154 days of good time/work time, for the time he was housed in county jail.  Id.

8. The criminal court found that Plaintiff's total custody credits exceeded the prison sentence imposed and therefore ordered Plaintiff's release pursuant to California Penal Code section 11740(A)(3).  Id.

9. The court deemed Plaintiff's sentence for case LA04556 served, and Plaintiff was released from custody

1 | the same day. Id.

**CONCLUSIONS OF LAW**

1. In order to prevail on a § 1983 claim, the plaintiff must prove each of the following elements by a preponderance of the evidence: (1) the defendant acted under color of law; and (2) the acts of the defendant deprived the plaintiff of a constitutional right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

2. "The general rule is that malicious prosecution does not constitute a deprivation of life, liberty or property without due process of law and, therefore, is not cognizable under 42 U.S.C. § 1983." Cline v. Brusett, 661 F.2d 108, 112 (9th Cir. 1981) (citing Paskaly v. Seale, 506 F.2d 1209 (9th Cir. 1974)).

3. However, "malicious prosecutions conducted with the intent of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights" are actionable under § 1983. Id. (citing Norton v. Liddel, 620 F.2d 1375 (10th Cir. 1980); Beker Phosphate Corp. v. Muirhead, 581 F.2d 1187 (5th Cir. 1978)); see also Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).

4. Therefore, to prevail on a malicious prosecution claim, Plaintiff has the burden of proving the elements of a state law malicious prosecution claim and establish that the prosecution deprived him of a constitutional right. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Freeman v. City of

1 | Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995).
2 |     5. Malicious prosecution claims can be based on
3 | the Fourth Amendment's right to be free from
4 | unreasonable seizure. Awabdy, 368 F.3d at 1066.
5 |     6. A plaintiff asserting a Fourth Amendment
6 | malicious prosecution claim under § 1983 must show some
7 | deprivation of liberty consistent with the concept of
8 | seizure. Singer, 63 F.3d at 116.
9 |     7. Plaintiff must show that Defendants' actions
10 | caused Plaintiff's seizure, and that this seizure
11 | occurred after arraignment or some other form of legal
12 | process. See, e.g., Pitt v. District of Columbia, 491
13 | F.3d 494, 511 (D.C. Cir. 2007); Murphy v. Lynn, 118
14 | F.3d 938, 944 (2d Cir. 1997) ("[S]ince the gist of a
15 | claim for malicious prosecution is abuse of the
16 | judicial process, a plaintiff pursuing such a claim
17 | under § 1983 must show that the seizure resulted from
18 | the initiation or pendency of judicial proceedings.");
19 | Singer, 63 F.3d at 117; Grant v. John Hancock Mut. Life
20 | Ins. Co., 183 F. Supp. 2d 344, 358-59 (D. Mass. 2002).
21 |     8. An already incarcerated prisoner cannot suffer
22 | a Fourth Amendment deprivation of liberty. See, e.g.,
23 | Doe v. Selsky, 841 F. Supp. 2d 730, 732 (W.D.N.Y. 2012)
24 | ("A plaintiff does not have a claim for false arrest or
25 | malicious prosecution under section 1983 if, at the
26 | time of his arrest and prosecution, he already is in
27 | custody on other charges, because there is no
28 | deprivation of liberty interests."); Israel v.

Superintendent of S.C.I. Fayette, No. 08-428, 2009 WL 693248, at *43-45 (W.D. Pa. Mar. 12, 2009) (collecting similar cases and holding that plaintiff could not show a deprivation of liberty because he was already deprived of his liberties); Wright v. Kelly, No. 95-CV-0688H, 1998 WL 912026, at *8-9 (W.D.N.Y. Oct. 16, 1998) (dismissing malicious prosecution claim based on alleged Fourth Amendment deprivation of liberty because the plaintiff was incarcerated at the time of the alleged deprivation); Jacobs v. Godinez, No. 95 C 7020, 1998 WL 128676, at *2 (N.D. Ill. March 18, 1998) ("[A] prisoner in custody when a criminal action is commenced against him cannot bring a malicious prosecution claim because the filing of criminal charges does not deprive him of liberty.  If he is ultimately convicted and receives an additional sentence, he has suffered a loss of liberty, but in that case the proceedings would not have been terminated in his favor.").

///
///

8. As Plaintiff was already in custody at the time he was charged and prosecuted for the May 15, 2004 incident, he was not deprived of liberty under the Fourth Amendment.

**IT IS SO ORDERED.**

DATED: December 3, 2012

                                                RONALD S.W. LEW
_____

                                   **HONORABLE RONALD S.W. LEW**
                                   Senior, U.S. District Court Judge