**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN YOUNG,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ARON WOLFE, et al.,<br><br>　　　　Defendants. | CV 07-03190 RSWL (AJWx)<br><br>**ORDER Re: DEFENDANTS'**<br>**MOTIONS IN LIMINE** [305,<br>306, 307, 308, 309, 310,<br>311] |

**I. INTRODUCTION**

Currently before the Court are Defendants Aron Wolfe, Christina Martinez, and Robert Ochoa, (collectively, "Defendants") Motions in Limine ("MIL") Nos. 1 through 7 [305, 306, 307, 308, 309, 310, 311]. Having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:**

1.  The Court **GRANTS IN PART, DENIES IN PART** Defendants' Motion in Limine #1 [305].
2.  The Court **GRANTS** Defendants' Motion in Limine #2 [306].
3.  The Court **GRANTS IN PART, DENIES IN PART**

1

    Defendants' Motion in Limine #3 [307].
4.  The Court **GRANTS** Defendants' Motion in Limine #4 [308].
5.  The Court **GRANTS** Defendants' Motion in Limine #5 [309].
6.  The Court **GRANTS** Defendants' Motion in Limine #6 [310].
7.  The Court **GRANTS** Defendants' Motion in Limine #7 [311].

**A.  Defendants' Motion in Limine #1**

Defendants' MIL #1 seeks to preclude Plaintiff John Young ("Plaintiff") from calling witnesses and presenting evidence not previously disclosed in Plaintiff's disclosures or discovery responses. These include: 1) photographs of Plaintiff (Plaintiff's Exhibit 3); 2) Notice of Claim (Plaintiff's Exhibit 4); 3) Los Angeles Sheriff's Department ("LASD") Inmate Assault Load Sheet (Plaintiff's Exhibit 34); 4) Report of the Citizen's Commission on Jail Violence (Plaintiff's Exhibit 37); and 5) Statement of Attorney's Fees (Plaintiff's Exhibit 44).

Under Federal Rules of Civil Procedure ("FRCP") 37, the party facing exclusion of evidence has the burden of showing that a failure to comply with FRCP 26 was "substantially justified or harmless." R&R Sails v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012)(citing Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008)); see also Yeti by Molly, Ltd. v.

Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001). When parties seek to exclude evidence based on FRCP 26 and 37, courts employ the five factor analysis set forth in Southern States Rock and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

    Defendants are seeking to preclude evidence that should not be a surprise to them. Plaintiff's photographs of his injuries, notice of claim, assault load sheet, report of the commission on jail violence, and statement of attorney's fees should not present an element of surprise to Defendants. Plaintiff has brought a claim for injuries received as a result of alleged force by Defendants. Therefore, factor one weighs in favor of Plaintiff.

    Under factor two, Plaintiff could have avoided this Motion in Limine by producing the aforementioned documents during the course of pre-trial discovery. The failure to produce, along with a failure to update discovery pursuant to FRCP 26, has led to this dispute. Furthermore, once Plaintiff placed these items of evidence on his Exhibit List, it should have been cured

by further production. The Statement of Attorney's Fees Defendants seek to exclude was produced to Defendants on February 22, 2017, the day after the Final Pretrial Conference. Based on the foregoing, factor two partially weighs in favor of Defendants.

The evidence sought to be excluded is presently on Plaintiff's Exhibit List for trial. The evidence is not voluminous and should not present significant delays or disruptions at trial. Therefore, factor three weighs in favor of Plaintiff.

Factor four analyzes the importance of the evidence. In this case, the evidence seems to be evident of Plaintiff's excessive force and malicious prosecution claims. However, Plaintiff failed to file an Opposition to Defendants' MIL #1. A party's failure to file a required document or the failure to file it within the deadline may be deemed consent to the granting or denial of a motion. L.R. 7-12.[1] Therefore, it is difficult to ascertain whether Plaintiff believes this evidence is important or whether such proof may be offered through other evidence. Plaintiff failed to offer the Court any evidence of the importance of these exhibits. This is not the first trial in this case. If Plaintiff intended on introducing this evidence at trial, he had ample opportunity and time to produce the evidence to Defendants. To date, Plaintiff has not

---

[1] The Court notes that Plaintiff also failed to file an Opposition to Defendants' MIL #2, #4, #5, #6, or #7.

produced the evidence in dispute except for the Statement of Attorney's Fees. Therefore, factor four weighs in favor of Defendants.

The final factor analyzes the Plaintiff's explanation for not disclosing the evidence at issue. However, Plaintiff failed to file an Opposition to Defendants' MIL #1. Therefore, there is absolutely no explanation at present for Plaintiff's failure to produce. Factor five weighs in favor of Defendants.

A majority of the Sherwin-Williams factors weigh in Defendants' favor. Plaintiff's failure to disclose evidence in his possession contradicts the clear dictates of FRCP 26 and 37. However, Plaintiff did produce the Statement of Attorney's Fees to Defendants. As such, Defendants' MIL #1 is **GRANTED IN PART, DENIED IN PART.** Plaintiff will be allowed to introduce the Statement of Attorney's Fees (Plaintiff's Exhibit 44). All other evidence that is the subject of this Motion in Limine will be excluded.

**B.  Defendants' Motion in Limine #2**

Defendants' MIL #2 seeks to preclude Plaintiff from making any reference to complaints against Defendants regarding unrelated incidents to this case involving the use of force including: training records of the individual Defendants and other LASD personnel; Defendants' involvement in any other incidents involving inmates or citizens' complaints for use of force (including related testimony pursuant to issues arising

under <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 691 (1978)); any interrogatory discovery responses from Defendants (served pursuant to protective order); and/or other evidence with regard to force incidents unrelated to the present case due to its low probative value under Federal Rules of Evidence ("Fed. R. Evid.") 403.

    Under Rule 403, the probative value of such evidence is substantially outweighed by the prejudicial nature of the evidence. The jury may infer that other complaints leveled against Defendants indicates a level of culpability that is unwarranted. Furthermore, this Court already dismissed all <u>Monell</u> related claims. Therefore, any introduction of such testimony would be irrelevant. Thus Defendants' MIL #2 is **GRANTED**.

C. **<u>Defendants' Motion in Limine #3</u>**

    Defendants' MIL #3 seeks to preclude Plaintiff from presenting evidence of medical treatment and/or expenses and attorney's fees. Defendants argue such evidence is outside the realm of lay witness testimony as well as prejudicial, and thus, should be excluded pursuant to Fed. R. Evid. 701, 702, and 403. Plaintiff alleges Defendants were provided with Plaintiff's retainer agreement for representation in Plaintiff's criminal case in accordance with the Court's Order during the Final Pretrial Conference held on February 21, 2017. Defendants acknowledge they were provided a Statement of Attorney's Fees on February 22, 2017, one day after the

1  Final Pretrial Conference and one day after Defendants
2  filed this Motion in Limine.  However, Defendants
3  maintain that MIL #3 should be granted in its entirety
4  because: 1) Plaintiff failed to timely disclose such
5  evidence; 2) Defendants were not afforded the
6  opportunity to develop discovery and/or retain an expert
7  to provide necessary testimony regarding the
8  reasonableness of such fees; and 3) Defendants would be
9  unduly prejudiced by their inability to conduct further
10 discovery.
11      When parties seek to exclude evidence based on FRCP
12 26 and 37, courts employ the five factor analysis set
13 forth in <u>Sherwin-Williams</u>.  Defendants are seeking to
14 preclude evidence that should not be a surprise to them.
15 The evidence of medical treatment and expenses incurred
16 should not present an element of surprise to Defendants
17 because Plaintiff has brought a claim for injuries
18 received as a result of alleged force by Defendants.
19 Further, Defendants now have the Statement of Attorney's
20 Fees in their possession.  Thus, factor one weighs in
21 favor of Plaintiff.
22      Plaintiff could have avoided the present Motion in
23 Limine by producing the aforementioned documents during
24 the course of pre-trial discovery.  The failure to
25 produce, along with a failure to update discovery
26 pursuant to FRCP 26, led to the present dispute.
27 Furthermore, once Plaintiff placed this evidence on his
28 Exhibit List, it should have been cured by further

production. However, Plaintiff produced the Statement of Attorney's Fees. Yet, Plaintiff could have cured the surprise by timely disclosing the statement. Thus, factor two weighs partially in favor of Defendants.

Only the Statement of Attorney's Fees is on Plaintiff's Exhibit List for trial. Therefore, it is unclear if the evidence is voluminous and would present significant delays or disruptions at trial. Thus, factor three weighs in favor of Defendants.

Factor four analyzes the importance of the evidence. In this case, the evidence seems to be evident of Plaintiff's excessive force and malicious prosecution claims. Plaintiff filed a Partial Opposition to Defendants' MIL #3 stating he provided Defendants with the Statement of Attorney's Fees. However, Plaintiff's Partial Opposition fails to state whether the remaining evidence that is the subject of this Motion in Limine is important or whether such proof may be offered through other evidence. Factor four weighs in favor of Defendants.

The final factor analyzes Plaintiff's explanation for not disclosing the evidence at issue. Plaintiff did not offer any explanation for the untimely disclosure of the Statement of Attorney's Fees and lack of disclosure of the other evidence in dispute. Factor five weighs in favor of Defendants.

In sum, Defendants have established that a majority of the <u>Sherwin-Williams</u> factors weigh in their favor for

the evidence not previously disclosed.  Plaintiff's failure to disclose evidence of medical treatment and/or expenses in his possession contradicts the clear dictates of FRCP 26 and 37.  However, Defendants were provided the Statement of Attorney's Fees and did not state they need additional time in light of the new evidence.  Therefore, Defendants' MIL #3 is **GRANTED IN PART, DENIED IN PART**.  Evidence of medical treatment and/or expenses will be excluded, however the Statement of Attorney's Fees will be allowed.

**D.  Defendants' Motion in Limine #4**

Defendants' MIL #4 seeks to exclude evidence of newspaper articles or media reports regarding inmate assaults and/or murders in the County of Los Angeles jails.  Defendants assert such evidence is inadmissible hearsay, would be highly prejudicial, and would lead to confusion of the jury and therefore should be excluded.

"Newspaper articles have been held inadmissible hearsay as to their content." Larez v. City of Los Angeles, 946 F.2d 630, 642 (9th Cir. 1991).  Where a party seeks to introduce a newspaper article, television program or other media reports "for the truth of the matter asserted, they clearly constitute hearsay." Green v. Baca, 226 F.R.D. 624, 638 (C.D. Cal. 2005). Newspaper articles are inadmissible hearsay and have the likelihood of confusing the jury.[2]  Therefore,

---

[2] See also Eisenstadt v. Allen, 113 F.3d 1240, 1997 WL 211313, at *2 (9th Cir. April 28, 1997)(unpublished opinion)(citing Larez, 946 F.2d at 642); AFMS LLC v. United

Defendants' MIL #4 is **GRANTED**.

### E. Defendants' Motion in Limine #5

Defendants' MIL #5 seeks to preclude Plaintiff from presenting evidence regarding Monell related issues. Specifically, Defendants seek to exclude LASD Policy manual provisions specifically related to force or use of force, or evidence of Defendants' training thereon, and reports by agencies relating to incidents or conduct unrelated to the force incident involving Plaintiff except with regard to the policies specifically relating to the use of force disclosed by Defendants in discovery. Defendants seek to specifically exclude Plaintiff's exhibit entitled "Report of the Citizen's Commission on Jail Violence, Including Exhibits." Defendants argue that the dismissal of the Monell related claims renders all such Monell related evidence inadmissible. Furthermore, Defendants contend that Plaintiff has not previously produced this report to Defendants.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. However, under Rule 403, the court may exclude relevant evidence if its probative value is

---

Parcel Service Co., 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015)(citing Larez, 946 F.2d at 642).

substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

This evidence is not relevant to any issues pertaining to Plaintiff's excessive force or malicious prosecution claims. This Court dismissed all <u>Monell</u> related claims on August 6, 2009. Therefore, any introduction of such testimony would be irrelevant and unfairly prejudicial. <u>Quintanilla v. City of Downey</u>, 84 F.3d 353, 356 (9th Cir. 1996). Therefore, Defendants' MIL #5 is **GRANTED**.

**F.   Defendants' Motion in Limine #6**

Defendants' MIL #6 seeks to preclude Plaintiff from presenting testimony and evidence concerning other lawsuits implicating LASD and/or its former Sheriff, Lee Baca. Defendants argue this evidence is irrelevant and prejudicial, and therefore should be excluded. Further, Defendants claim the dismissal of the <u>Monell</u> related claims renders all such related evidence inadmissible.

Under Fed. R. Evid. 403, evidence concerning other lawsuits implicating LASD and/or its form Sheriff, Lee Baca should be excluded. This evidence is not relevant to any issues pertaining to Plaintiff's excessive force or malicious prosecution claims. Even if any of this evidence was relevant, the probative value of such evidence is substantially outweighed by the prejudicial nature of the evidence as the jury may use such evidence to infer Defendants' culpability. Moreover, this Court already dismissed all <u>Monell</u> related claims. Therefore,

11

any introduction of such testimony would be irrelevant and unfairly prejudicial. Quintanilla, 84 F.3d at 356. Therefore, Defendants' MIL #6 is **GRANTED**.

### G. Defendants' Motion in Limine #7

Defendants' MIL #7 seeks to preclude all testimony, newspaper articles, and media accounts regarding officer involved shootings and/or use of force issues around the County. Defendants assert such evidence is irrelevant, inadmissible hearsay, highly prejudicial, and would lead to confusion of the jury.

Under Fed. R. Evid. 403, this evidence is not relevant to any issues pertaining to Plaintiff's excessive force or malicious prosecution claims. Additionally, even if any of this evidence was relevant, the probative value of such evidence is substantially outweighed by the prejudicial nature of the evidence as the jury may use such evidence to infer Defendants' culpability. Pursuant to Larez and Green, such evidence is irrelevant, inadmissible hearsay, and has the likelihood of confusing the jury. Therefore, Defendants' MIL #7 is **GRANTED**.

**IT IS SO ORDERED.**

DATED: March 14, 2017      S/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge