**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN YOUNG, ) | CV 07-03190 RSWL (AJWx) |
| Plaintiff, ) | **ORDER Re: PLAINTIFF'S MOTIONS IN LIMINE** [312, 313, 314, 315, 316, 317, 318, 319, 320] |
| v. ) | |
| ARON WOLFE, et al., ) | |
| Defendants. ) | |

**I. INTRODUCTION**

Currently before the Court are Plaintiff John Young's ("Plaintiff") Motions in Limine ("MIL") Nos. 1, 2, 3, 5, 6, 7, 9, 10, and 11 [312, 313, 314, 315, 316, 317, 318, 319, 320] against Defendants Aron Wolfe, Christina Martinez, and Robert Ochoa (collectively, "Defendants"). Having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:**

1. The Court **GRANTS IN PART, DENIES IN PART**
     Plaintiff's Motion in Limine #1 [312].

2.   The Court **DENIES** Plaintiff's Motion in Limine #2 [313].
3.   The Court **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion in Limine #3 [314].
4.   The Court **DENIES** Plaintiff's Motion in Limine #5 [315].
5.   The Court **DENIES** Plaintiff's Motion in Limine #6 [316].
6.   The Court **DENIES** Plaintiff's Motion in Limine #7 [317].
7.   The Court **DENIES** Plaintiff's Motion in Limine #9 [318].
8.   The Court **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion in Limine #10 [319].
9.   The Court **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion in Limine #11 [320].

**A.   Plaintiff's Motion in Limine #1**

As an initial matter, Plaintiff seems to change and/or fails to specify what evidence he seeks to exclude in MIL #1.  While Plaintiff names categories of evidence (all adverse character evidence including prior arrests, discipline history in jail or in prison, Plaintiff's rap lyrics, prior complaints Plaintiff has filed, and inmate appeals Plaintiff has lodged), he does not specifically state what evidence or testimony he seeks to exclude.  Plaintiff then appears to focus only on excluding evidence of Plaintiff's and Plaintiff's witnesses' criminal history to attack their character.

However, Plaintiff does not name which witness and what specific evidence he is seeking to exclude.

Additionally, Plaintiff's MIL #3 and #10 also seek to exclude evidence of Plaintiff's prior convictions and arrests as well as Plaintiff's alleged prior criminal activity prior to the date of the incident. However, in Plaintiff's Reply, he states MIL #1 is not to exclude criminal convictions but instead seeks to exclude: 1) activities while in Plaintiff's present state of incarceration including disciplinary charges or infractions; 2) rap lyrics written by the Plaintiff; 3) Plaintiff had or having a "strike" or that Plaintiff was a member of a gang; 4) Plaintiff having made other complaints of misconduct; 5) Plaintiff having filed other civil actions; and 6) comments made on behavioral forms about Plaintiff. Plaintiff does not provide information as to specific disciplinary charges or rap lyrics he seeks to exclude.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. However, under Federal Rules of Evidence ("Fed. R. Evid.") 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.

The "Rule 403 weighing process is primarily for the

district court to perform . . . and broad discretion [is] afforded them in balancing probative value against prejudice." <u>Longnecker v. General Motors Corp.</u>, 594 F.2d 1283, 1286 (9th Cir. 1979). In making this determination, the court must consider whether the prejudice is unfair. Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." <u>Cohn v. Papke</u>, 655 F.2d 191, 194 (9th Cir. 1981).

Under Fed. R. Evid. 404(a), applicable in civil as well as criminal cases, evidence of an individual's character is not admissible "for the purpose of proving that he acted in conformity therewith on a particular occasion." Fed. R. Evid. 404(a)(3), however, provides that "evidence of a witness's character may be admitted under Rules 607, 608, and 609." Rule 404(b) also provides that evidence of wrongful acts can be introduced as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

"Rule 404(b) is 'one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition.'" <u>Heath v. Cast</u>, 813 F.2d 254, 259 (9th Cir. 1987). If a trial judge determines that the balancing "weighs in favor of admitting the evidence, he should ordinarily instruct the jury carefully as to the limited purpose for which the evidence is admitted."

4

1 U.S. v. Sangrey, 586 F.2d 1312, 1314 (9th Cir. 1978).
2 Pursuant to Rule 608, "a witness's credibility may
3 be attacked or supported by testimony about the
4 witness's reputation for having a character for
5 truthfulness or untruthfulness, or by testimony in the
6 form of an opinion about that character." Fed. R. Evid.
7 608(a). Additionally, "extrinsic evidence is not
8 admissible to prove specific instances of a witness's
9 conduct in order to attack or support the witness's
10 character for truthfulness." Fed. R. Evid. 608(b).
11 However, on cross-examination they may be inquired into
12 if they are probative of the character for truthfulness
13 or untruthfulness of a witness. Id.
14 While Rule 404(a) prohibits evidence of a person's
15 character to prove a person acted in accordance with
16 that character trait, Rule 404(b) allows evidence of a
17 crime, wrong, or other act for a different purpose such
18 as proving motive, opportunity, intent, preparation,
19 plan, knowledge, identity, absence of mistake, or lack
20 of accident.
21 Therefore, Plaintiff's MIL #1 is **GRANTED IN PART,**
22 **DENIED IN PART**. The Court will allow evidence of
23 Plaintiff's and Plaintiff's witnesses' criminal activity
24 and other acts for purposes of establishing bias and
25 impeachment of Plaintiff (should he choose to testify).
26 The evidence is excluded for all other purposes.
27 **B.** **Plaintiff's Motion in Limine #2**
28 Plaintiff requests the Court take judicial notice

of the possible punishment Plaintiff faced in the 2005 criminal case where Plaintiff was charged with violations of California Penal Code § 243(c)(2) and § 69 stemming from the May 15, 2004 incident.  California Penal Code § 243(c)(2) states that possible punishment for battery on a peace officer may be imprisonment of not more than one year or a $10,000 fine, or pursuant to section 1170(h), for sixteen months, or two or three years, or by both the fine and imprisonment.  California Penal Code § 69 lists the possible punishment as a fine up to $10,000, up to one year in county jail, or both.  Section 1170 states that changes by the act that added this subdivision applies to any person sentenced on or after October 1, 2011.  Cal. Pen. Code § 1170.

    Defendants dispute this request arguing Plaintiff did not provide what facts he intends to present to the jury in regards to this request, that these sections did not apply at the time Plaintiff was charged and acquitted, that the Penal Codes fail to account for the variety of sentencing options available, and this is irrelevant to any issue in trial.

    A court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

Plaintiff has failed to provide the Court with sufficient evidence as to the relevance of the possible sentences for these violations except to state in his Reply that it is relevant to damages. <u>Walker v. Woodford</u>, 454 F. Supp. 2d 1007, 1023 (S.D. Cal. 2006) <u>affirmed in part</u> 393 F. App'x 514, 2010 WL 3448559, <u>certiorari denied</u> 562 U.S. 1233 (2011). Additionally, this information is subject to reasonable dispute because while the possible sentences are listed in the Penal Codes, it is disputed whether these were the actual sentences Plaintiff faced in his criminal trial since section 1170 applies to sentences after October 1, 2011 and Plaintiff's criminal trial was in 2005. The Court has not been provided with the necessary information as to the "possible sentences" Plaintiff faced in the criminal trial. Therefore, Plaintiff's MIL #2 is **DENIED**.

**C.  <u>Plaintiff's Motion in Limine #3</u>**

Plaintiff's MIL #3 seeks to exclude evidence of prior arrests and convictions, however Plaintiff does not identify in his MIL which of the five incidents he listed were only arrests or also convictions. In Plaintiff's Reply, he lists the five incidents and states they are Plaintiff's convictions. Based on Plaintiff's representations to the Court, it appears the five incidents all led to convictions.

Fed. R. Evid. 609 states that to attack a witness's character for truthfulness by evidence of a criminal

conviction, if the crime was punishable by death or by imprisonment for more than one year, the evidence must be admitted subject to Rule 403. Additionally, for any crime regardless of punishment, a court must admit the evidence if the court "can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). If more than ten years have passed from the conviction or release from confinement, evidence of the conviction is only admissible if "1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and 2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

In regards to their admissibility, Plaintiff lists the first conviction as possession of burglary tools in Arizona 2000 and Defendants argue Plaintiff admitted it was a conviction for possession of forgery instruments. Pursuant to Fed. R. Evid. 609(b), evidence of this conviction is allowed for the limited purpose of impeachment of Plaintiff (should he choose to testify) and bias against Defendants. Plaintiff's conviction for receipt/concealing stolen property (045506) on November 10, 2004 will also be allowed. Fed. R. Evid. 609(b). This conviction is probative because Plaintiff's incarceration at the time of the May 15, 2004 incident

8

was because of this arrest and conviction.

Plaintiff's convictions for criminal threats on October 23, 2008 and residential burglary on August 13, 2010 (PA065631) will be excluded. While Fed. R. Evid. 608 states that evidence of a criminal conviction must be admitted for attacking a witness's character for truthfulness, it must be admitted subject to Fed. R. Evid. 403. The nature of the convictions are not relevant for purposes of impeachment or bias. Moreover, the prejudicial impact these convictions would have outweigh any probative value that exists. The misdemeanor conviction for possession of burglary tools in Los Angeles County is also excluded because it is not admissible for impeachment since possession of burglary tools does not involve dishonesty or false statements. Medrano v. City of Los Angeles, 973 F.2d 1499, 1507 (9th Cir. 1992). Based on the foregoing, Plaintiff's MIL #3 is **GRANTED IN PART, DENIED IN PART.**

**D.   Plaintiff's Motion in Limine #5**

Plaintiff seeks to exclude Defendants from offering any evidence not previously disclosed pursuant to Federal Rules of Civil Procedure ("FRCP") 26. Plaintiff does not offer what exact evidence or testimony he is seeking to exclude and as such cannot identify any prejudice or disruption of trial that would result from permitting this unknown evidence. Ball v. Cnty. of Los Angeles, No. 2:13-cv-07739-CAS (FFMx), 2015 WL 1467179, at *2 (C.D. Cal. 2015).

A motion in limine "should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." Id.; see Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). All evidence should have been disclosed pursuant to FRCP 26 and 37. If Defendants attempt to introduce evidence or witnesses during trial in violation of FRCP 26 or 37, Plaintiff can raise his objections at the time of trial. Therefore, Plaintiff's MIL #5 is **DENIED**.

E. **Plaintiff's Motion in Limine #6**

Plaintiff requests the Court limit testimony of defense witnesses to actual knowledge of events at the time of events in 2004 and 2005. Plaintiff seeks to exclude evidence which he has failed to specifically identify to the Court and which is not proper at the motion in limine stage. Based on Plaintiff's MIL #6, "it is impossible for the Court to determine the precise scope of evidence" Plaintiff seeks to exclude. William Hablinski Architecture v. Amir Const. Inc., No. CV-03-6365-CAS (RNBx), 2005 WL 4658149, at *13-14 (C.D. Cal. 2005). The Court cannot speculate what questions will be asked and how any witness will answer these questions. Plaintiff's request encompasses too broad a category to rule on at this juncture. Therefore, Plaintiff may raise any objections to evidence offered by Defendants or testimony he believes is inadmissible

at the time of trial.  Thus, Plaintiff's MIL #6 is **DENIED**.

**F.   Plaintiff's Motion in Limine #7**

Plaintiff seeks to admit testimony of Deputy Shannon ("Shannon") from his trial testimony during Plaintiff's criminal trial in 2005.  Defendants argue the testimony should be excluded because it does not satisfy any exception to the hearsay rule and does not satisfy the residual exception.

Fed. R. Evid. 804(a)(4) states that a declarant is unavailable as a witness if the declarant cannot be present or testify because of death.  Fed. R. Evid. 804(a)(4).  If a declarant is unavailable, former testimony will not be excluded by the hearsay rule if the testimony: "(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross—, or redirect examination."  Fed. R. Evid. 804(b)(1).

A hearsay statement not covered by a hearsay exception under Rules 803 or 804 will not be excluded if: "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through

11

reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). Additionally, the statement will only be admissible if before trial, the party seeking to admit the statement gives the adverse party "reasonable notice of the intent to offer the statement and its particulars." Fed. R. Evid. 807(b).

This residual exception to the hearsay rule "should be used only in extraordinary circumstances where the court is satisfied that the evidence offers guarantees of trustworthiness and is material, probative and necessary in the interest of justice." U.S. v. Tome, 61 F.3d 1446, 1452 (10th Cir. 1995)(internal citations and quotation marks omitted). Courts have "considerable discretion in applying the residual exception to the hearsay rule." Page v. Barko Hydraulics, 673 F.2d 134, 140 (5th Cir. 1982).

Under Rule 804, Shannon is unavailable because he has passed away. However, Plaintiff has failed to show that the prosecutor in Plaintiff's criminal trial is a predecessor in interest to Defendants in this case and that the prosecution had a similar motive to develop Shannon's testimony. Plaintiff was prosecuted by the district attorney's office and Defendants did not have any representatives on their behalf at the time of Plaintiff's criminal trial. Hannah v. City of Overland, Mo., 795 F.2d 1385, 1390 (8th Cir. 1986). Additionally, the prosecutor's objective and motive in questioning

12

Shannon was to prove that Plaintiff assaulted the sheriff's officers, not whether Defendants' use of force was objectively reasonable. Id. The prosecutor did not have a similar motive in questioning Shannon on the same matter that Defendants would question Shannon if he were available. Lloyd v. American Export Lines, Inc., 580 F.2d 1179, 1187 (3rd Cir. 1978). The testimony is not allowed under Fed. R. Evid. 804.

Under Rule 807, Plaintiff has failed to provide the Court with evidence on how Shannon's testimony is evidence of a material fact. Plaintiff does not specify what parts of the testimony he seeks to elicit. Plaintiff's counsel first states he intends to offer "almost all" of Shannon's testimony and then in his Reply, states he intends to offer all of Shannon's testimony. It is Plaintiff's responsibility to provide Defendants and this Court with the specific testimony he seeks to introduce and provide how it is evidence of a material fact and more probative on the point for which it is offered than any other evidence. Plaintiff has failed to do so and therefore, Plaintiff's MIL #7 is **DENIED**.

G.  **Plaintiff's Motion in Limine #9**

Plaintiff seeks to exclude evidence that he was housed in the "Discipline" module of the Men's Central Jail ("MCJ") and the reasons an inmate may be housed in the "Discipline" module on the grounds that it is irrelevant, prejudicial, and impermissible character

13

evidence. Defendants counter that the "Discipline" module should be admissible because it is not being offered to show character; rather, the evidence is being offered to show Defendants' state of mind.

Plaintiff's housing in the "Discipline" module is not being used to show Plaintiff acted in accordance with a character trait. Additionally, its probative value is not substantially outweighed by a danger of unfair prejudice because this evidence is not being offered to show character, but rather Defendants' state of mind on the date of the incident.

Therefore, Plaintiff's MIL #9 is **DENIED**. However, Defendants are precluded from using Plaintiff's housing in the "Discipline" module to establish character and action in conformity with such character.

**H.  Plaintiff's Motion in Limine #10**

Plaintiff seeks to exclude evidence of Plaintiff's alleged criminal activity prior to and following the May 15, 2004 incident because it would violate Fed. R. Evid. 403 and 404. Defendants argue evidence of Plaintiff's encounters with LASD are probative to show Plaintiff's potential bias and the 2004 conviction is particularly probative because that was the basis for Plaintiff's incarceration at the time of the incident with Defendants.

Pursuant to Rule 608, "a witness's credibility may be attacked or supported by testimony about the witness's reputation for have a character for

14

truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a). Additionally, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). However, on cross-examination they may be inquired into if they are probative of the character for truthfulness or untruthfulness of a witness. Id.

While Rule 404(a) prohibits evidence of a person's character to prove a person acted in accordance with that character trait, Rule 404(b) allows evidence of a crime, wrong, or other act for a different purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Plaintiff's criminal activity prior to the May 15, 2004 incident will be allowed for the limited purpose of impeachment (if Plaintiff testifies), bias against Defendants, and Plaintiff's damages. Peraza, 722 F.2d at 1457; Bordeharay, 2016 WL 7260920 at *3. They are excluded for all other purposes. Plaintiff's criminal activity after the May 15, 2004 is excluded for all purposes because it is irrelevant and even if it was relevant, its probative value is substantially outweighed by the prejudicial effect it may have subject to Fed. R. Evid. 403. Therefore, Plaintiff's MIL #10 is **GRANTED IN PART, DENIED IN PART.**

///

## I. **Plaintiff's Motion in Limine #11**

Plaintiff seeks to admit the prior testimony of Michael Sutton ("Sutton"), who was also an inmate in the "Discipline" module at the time of the May 15, 2004 incident. Sutton testified at Plaintiff's prior criminal trial in 2005 and during the second trial for this case in 2013. As an initial matter, Plaintiff's MIL #11 only requests the admission of Sutton's trial testimony from the 2005 criminal trial and second trial in this case in August 2013. It then appears in Plaintiff's Reply, he adds that he also wants to admit Sutton's deposition testimony taken by Defendants sometime in 2008. Plaintiff did not request Sutton's deposition testimony be admitted in his original MIL and does not provide this Court with what portions of the deposition he seeks to introduce and its relevance; thus, the request to admit Sutton's 2008 deposition testimony is **DENIED**.

Fed. R. Evid. 804(a)(5) states that a declarant is unavailable as a witness if he is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance by process or other reasonable means. Before a witness will be deemed unavailable under Rule 804(a)(5), the proponent of a statement must show a good-faith effort to procure the witness's attendance at trial. If a declarant is unavailable, former testimony will not be excluded by the rule of hearsay if the testimony: "(A) was given as

a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross–, or redirect examination." Fed. R. Evid. 804(b)(1).

    Plaintiff attempted to locate Sutton by searching the Board of Parole Hearing's website, hiring an investigator, and attempting to contact Sutton's mother. Plaintiff asserts he has attempted to contact Sutton from June 2016, approximately eight-nine months prior to the start of trial. While Plaintiff has been unavailable to locate Sutton, his efforts have not been unreasonable. U.S. v. Thomas, 705 F.2d 709, 712 (4th Cir. 1983). It does not appear Plaintiff had Sutton's address or information that would help him locate Sutton. U.S. v. Winn, 767 F.2d 527, 530 (9th Cir. 1985). Therefore, Sutton is unavailable under Rule 804(a)(5)'s definition of unavailability.

    However, Plaintiff has failed to show that the prosecutor in Plaintiff's 2005 criminal trial is a predecessor in interest to Defendants in this case and that the prosecution had a similar motive to develop Sutton's testimony. Plaintiff was prosecuted by the district attorney's office and Defendants did not have any representatives on their behalf at the time of Plaintiff's criminal trial. Hannah, 795 F.2d at 1390.

Additionally, the prosecutor's objective and motive in questioning Sutton was to prove that Plaintiff assaulted the sheriff's officers, not whether Defendants' use of force was objectively reasonable. Id. The prosecutor did not have a similar motive in questioning Sutton on the same matter that Defendants would question Sutton if he were available. Lloyd, 580 F.2d at 1187. Therefore, Plaintiff's request to admit Sutton's testimony from the 2005 criminal trial is **DENIED**.

Defendants were represented at this case's second trial in August 2013. Defendants had the opportunity and motive to develop Sutton's testimony. This meets the requirements of Rule 804 and Plaintiff's request to admit Sutton's testimony from the August 2013 civil trial is **GRANTED**. However, if not already done so, Plaintiff must disclose to Defendants and this Court what parts of Sutton's testimony from the August 2013 he seeks to offer during trial so that Defendants have an opportunity to review it prior to trial. Therefore, Plaintiff's MIL #11 is **GRANTED IN PART, DENIED IN PART.**

**IT IS SO ORDERED.**

DATED: March 14, 2017              S/RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge