**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN YOUNG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ARON WOLFE and ROBERTO OCHOA<br><br>　　　　　Defendants. | CV 07-03190 RSWL-AJWx<br><br>**ORDER Re: DEFENDANT WOLFE'S MOTION FOR QUALIFIED IMMUNITY OR NEW TRIAL** [411] |

### I.　INTRODUCTION

Currently before the Court is Defendant Aron Wolfe's ("Defendant Wolfe") Motion for Qualified Immunity and to Alter or Amend the Judgment, or in the alternative, a Motion for a New Trial ("Motion") [411]. Def. Wolfe's Mot. for Qualified Immunity or Mot. for New Trial ("Mot."), ECF No. 411.  The Court, having reviewed all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendant Wolfe's Motion in its entirety.

///

///

**II. BACKGROUND**

**A. Factual Background**

This case arises from a May 15, 2004 incident. Pl.'s Opposition to Def.'s Mot. for Qualified Immunity or Mot. for New Trial ("Opp'n") 3:4-5. Plaintiff John Young ("Plaintiff") was a pretrial detainee in the Men's Central Jail ("MCJ") Discipline Module in Los Angeles, California. Mot. 3:13-14. Defendant Wolfe was supervising the shower area in the discipline module when he saw Plaintiff leaving the area with three lacerations on his back. Id. at 17:23-27; 18:9-11. Because detainees are not allowed to roam the module free, Defendant Wolfe followed Plaintiff; however, the two engaged in a physical altercation that included a number of other deputies. Id. at 3:14-16. Defendant Wolfe punched Plaintiff numerous times in the face, and Plaintiff flailed, punched, kicked Defendant Wolfe along with the other responding deputies. Id. at 13:25-26; 19:23-24. As a result, Plaintiff alleged he suffered a broken tooth, lacerations and contusions, and an injury to his neck. Opp'n 3:7-8.

**B. Procedural Background**

After a long procedural history, including two jury trials in 2009 and 2013 with verdicts that were overturned, a jury trial commenced on March 21, 2017 on Plaintiff's malicious prosecution and excessive force claims against Defendant Wolfe and Defendant Roberto Ochoa ("Defendant Ochoa") (collectively "Defendants").

Id. at 3:23-25.  At the close of Plaintiff's case in chief, Defendants made a motion pursuant to Federal Rules of Civil Procedure ("FRCP" or "Rule") 50(a) for judgment as a matter of law as to Plaintiff's malicious prosecution claim, which this Court granted.  Mot. 3:25-27; Minutes of Jury Trial, ECF No. 380.  On March 24, 2017, the jury rendered a verdict in favor of Plaintiff against Defendant Wolfe as to Plaintiff's excessive force claim and against Plaintiff and for Defendant Ochoa as to Plaintiff's excessive force claim.  Id. at 3:27-4:1; Minutes of Jury Trial, ECF No. 381.  The jury awarded Plaintiff $350,000 in damages. Id. at 4:1-2.  On March 24, 2017, Defendants brought a FRCP 50(a) motion for judgment as a matter of law as to Plaintiff's claim for punitive damages, which this Court granted.  Id. at 4:2-3.  On May 15, 2017, Plaintiff brought a motion for attorney's fees which is currently pending with this Court [409].  On May 23, 2017, Defendant Wolfe filed the instant Motion for Qualified Immunity and to Alter or Amend the Judgment, or in the Alternative a Motion for a New Trial [411]. Plaintiff filed his Opposition to this Motion on June 2, 2017 [413], and Defendant Wolfe's Reply followed on June 6, 2017 [414].

///

///

///

///

**III. DISCUSSION**

**A. Legal Standard**

    1. <u>Federal Rules of Civil Procedure 50(b) Post-Verdict Motion for Judgment as a Matter of Law</u>

FRCP 50(a) requires a party seeking judgment as a matter of law to file a Rule 50(a) motion at any time before the case is submitted to the jury. <u>Tortu v. Las Vegas Metro. Police Dept.</u>, 556 F.3d 1075, 1082 (9th Cir. 2009). If the jury returns a verdict against the moving party, that party may then file a Rule 50(b) motion for judgment as a matter of law no later than 28 days after the entry of judgment. Fed. R. Civ. P. 50(b).

However, a Rule 50(b) motion may be considered only if a Rule 50(a) motion has been previously made during trial, as the motion is considered a renewal of an earlier 50(a) motion. <u>Tortu</u>, 556 F.3d at 1082 (citing Fed. R. Civ. P. 50 advisory committee's notes). As required by the Federal Rules's 2006 amendment, the Ninth Circuit has construed this requirement strictly, and has found that substantial compliance is not enough. See <u>Janes v. Wal-Mart Stores Inc.</u>, 279 F.3d 883, 888 (9th Cir. 2002)(finding that a motion for summary judgment and a trial brief did not satisfy the requirement that a party moved for judgment as a matter of law before the close of evidence). The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment. <u>Id.</u> at 1083

4

(citing Fed. R. Civ. P. 50(a)(2)).

    2.  Federal Rules of Civil Procedure 59(e) Motion
        to Alter or Amend the Judgment

FRCP 59(e) gives the district courts power to alter or amend a judgment by motion. Fed. R. Civ. P. 59(e). However, the motion to alter or amend must be filed no later than 28 days after the entry of the judgment. Id. Courts enjoy "considerable discretion in granting or denying [a motion to amend or alter a judgment]." Allstate Ins. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)(internal quotation marks and citation omitted). However, Rule 59(e) motions are not vehicles for bringing before the court theories or arguments not advanced earlier, nor may the motion present evidence which was available but not offered at the original motion or trial. U.S. S.E.C. v. Edwin-Yoshihiro Fujinaga, No. 16-15623, 2017 WL 2465002, at *1 (9th Cir. June 7, 2017)(unpublished). Rather, the motion must rely on one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct a clear error of law or fact upon which the judgment rests; or (4) the need to prevent manifest injustice. Smith v. Clark County School Dist., 727 F.3d 950, 956 (9th Cir. 2013). Clear error occurs when the "reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith, 727 F.3d at 956 (quoting United

States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

### 3. Federal Rules of Civil Procedure 59(a) Motion for a New Trial

FRCP 59(a) states: "[t]he court may, on motion, grant a new trial on all or some of the issues--and to any party--after a jury trial, for any reason for which a new trial heretofore has been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). There are many such grounds, including but not limited to, "claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)(internal quotation marks and citation omitted). A motion for a new trial must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(b).

The Ninth Circuit has held that the trial court "may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Molski, 481 F.3d at 730 (quoting Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000)). Additionally, when the motion is based on a trial error or other irregularity in the proceedings, the movant must show he or she was prejudiced by the error. Anglo-American General Agents v. Jackson Nat. Life Ins.

Co., 83 F.R.D. 41, 43-44 (N.D. Cal. 1979).

However, Rule 59 has been interpreted to give the district courts considerable discretion in granting a new trial to prevent any perceived miscarriage of justice, and the standard for granting a new trial is not as strict as that for granting judgment as a matter of law under Rule 50(b). Id. at 43. While a court should not "lightly disturb a plausible jury verdict. . . . having given full respect to the jury's findings, if the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial." Id. (quoting 11 Wright and Miller, Federal Practice and Procedure: Civil s 2806 at 49). Similarly, the Ninth Circuit has found that the district judge "ha[s] the right, and indeed the duty, to weigh the evidence as he s[ees] it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence. . . to prevent. . . a miscarriage of justice." Murphy v. City of Long Beach, 914 F.2d 183, 188 (9th Cir. 1990)(internal citation omitted).

4. Qualified Immunity

Courts use a two-part inquiry to determine whether an officer is entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 200 (2001). In the first prong, courts look to when resolving all disputes of fact and

7

credibility in favor of the party asserting the injury, whether a constitutional right has been violated. Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061 (9th Cir. 2006). The second prong prompts the court to determine if the right was clearly established at the time of the violation. Id. A right is clearly established if its "contours" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Saucier, 533 U.S. at 202 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)). However, if an officer makes a mistake in applying the relevant legal doctrine, and if "the officer's mistake as to what the law requires is reasonable,. . . the officer is entitled to the immunity defense." Kennedy, 439 F.3d at 1062 (internal quotation marks and citation omitted). Courts may exercise sound discretion in deciding which of the two prongs of the Saucier inquiry should be addressed first in light of the circumstances in the particular case at hand. Pearson v. Callahan, 555 U.S. 223, 237 (2009).

**B.   Analysis**

    1.   The Court **DENIES** Defendant Wolfe's Motion for Judgment as a Matter of Law

Defendant Wolfe argues he is entitled to qualified immunity and judgment as a matter of law as to Plaintiff's excessive force claim because the law regarding the standard for an excessive force claim was not clearly established in 2004 when this incident

occurred. Mot. 5:25-27. Plaintiff argues that Defendant Wolfe is not entitled to qualified immunity pursuant to Rule 50(b) because he failed to bring a Rule 50(a) motion before the case was submitted to the jury. Opp'n 5:22-6:16.

A motion made under FRCP 50(b) is a renewed motion for judgment as a matter of law, and it must be preceded by a Rule 50(a) motion made before the case is submitted to the jury. E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009). Failure to make a Rule 50(a) motion procedurally forecloses the consideration of a Rule 50(b) motion. See Tortu, 556 F.3d at 1084 (reversing the district court's grant of the defendant's Rule 50(b) motion on an excessive force claim because the defendant had not made a Rule 50(a) motion during trial).

As in Tortu, Defendant Wolfe failed to make a Rule 50(a) motion as to Plaintiff's excessive force claim during trial before the case was submitted to the jury. This procedural defect precludes this Court from even going into the merits of Defendant Wolfe's claim of qualified immunity. Defendant Wolfe claims to have preserved his right to bring the instant Motion through his Memorandum of Contentions of Fact and Law, the Final Pretrial Conference Order, and discussions during trial regarding special interrogatories Defendants proposed as to the issue of qualified immunity. Mot. 4:12-20. Defendant Wolfe also argues that the trial

shows that there was a record of his intent to bring the instant Motion, Plaintiff and the Court were aware of it, and Plaintiff does not argue he was prejudiced in any way by Defendant Wolfe's failure to bring the Rule 50(a) motion.  Reply 6:21-27.

The Ninth Circuit has held that substantial compliance is not enough.  Janes, 279 F.3d at 887 (holding that the defendant's motion for summary judgment and its trial brief was not sufficient to satisfy the Rule 50(a) requirement).  Defendant Wolfe's argument that judgment as a matter of law as to Plaintiff's excessive force claim would likely not have been granted before the case was submitted to the jury is without merit.  Even if it is true that a qualified immunity claim would not have been resolved because of a factual dispute, this does not relinquish Defendant Wolfe's obligation to make a Rule 50(a) motion to preserve the issue for the Court to review on a Rule 50(b) motion post-trial.  A.D. v. California Highway Patrol, 712 F.3d 446, 452 n.2 (9th Cir. 2013). Defendant Wolfe fails to, through any precedent, refute the Ninth Circuit's strict adherence to the procedural requirement of making a Rule 50(a) motion as a requisite to making a Rule 50(b) motion.  See Janes, 279 F.3d at 887.

For these reasons, the Court must **DENY** Defendant Wolfe's Rule 50(b) Motion for Judgment as a Matter of Law as to his claim of qualified immunity.

### 2. The Court **DENIES** Defendant Wolfe's Rule 59(e) Motion to Alter or Amend the Judgment

Defendant Wolfe argues that the judgment should be altered or amended pursuant to FRCP 59(e) because he is entitled to qualified immunity. Mot. 2:4-7. Plaintiff argues Defendant Wolfe's request to alter or amend the judgment should be denied because Defendant Wolfe failed to submit points and authorities supporting his request. Opp'n 6:22-23.

A Rule 59(e) motion is an "extraordinary remedy which should be used sparingly." Allstate Ins., 634 F.3d at 1111 (internal quotation marks and citation omitted). A Rule 59(e) motion must rely on one of three grounds: an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or manifest injustice. Smith, 727 F.3d at 956. Defendant Wolfe fails to cite to any case law to support the request that this Court should alter or amend the judgment. See generally Mot.

Defendant Wolfe's argument appears to assert that the controlling law regarding the rights of pretrial detainees to be free from excessive force has changed, and therefore, Defendant Wolfe must be entitled to qualified immunity. Mot. 5:25-27. As an initial matter, it appears that Defendant Wolfe makes a request to alter or amend the judgment in conjunction with his request for judgment as a matter of law. Id. at 2:4-6. As discussed above, Defendant Wolfe is not entitled to

judgment as a matter of law because of the procedural defects, and therefore there is also no basis on those grounds to alter or amend the judgment.

Secondly, this change of law Defendant Wolfe discusses occurred in 2015 when the Supreme Court issued its ruling in <u>Kingsley v. Henderson</u>, 135 S. Ct. 2466 (2015). However, this change of law occurred in between the incident in 2004 and the third trial in 2017, and therefore there was nothing preventing Defendant Wolfe from making this argument at trial, which he did not. To grant a Rule 59(e) motion now would go against the body of case law requiring that Rule 59(e) should not be used as a vehicle for bringing before the court theories or arguments not advanced earlier. See <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890-91 (9th Cir. 2000)(denying the plaintiff's rule 59(e) motion because the plaintiff had numerous previous opportunities to raise the arguments made in the motion).

Defendant Wolfe's argument also implies that the jury verdict represented a clear error of law and constitutes manifest injustice. Mot. 13:16-18; 14:9-11; 15:17-19. Defendant Wolfe argues that he did not violate Plaintiff's constitutional right to be free from excessive force because his actions were objectively reasonable. <u>Id.</u> at 11:6-10.

Clear error or manifest injustice occurs when the "reviewing court on the entire record is left with the

definite and firm conviction that a mistake has been committed." <u>Smith</u>, 727 F.3d at 955 (internal quotation marks and citation omitted).  In the case at bar, there is sufficient evidence to sustain a verdict for Plaintiff and there is no evidence of a clear error of law or manifest injustice, change in the controlling law, or availability of new evidence.  <u>Zamani v. Carnes</u>, 491 F.3d 990, 998 (9th Cir. 2007)(finding the district court did not abuse its discretion in denying a motion to alter or amend the judgment where the defendant failed to show there was a basis to grant the motion).  While Defendant Wolfe contends that two previous juries found for him, he has failed to provide this Court with any evidence of a clear error of law or manifest injustice that a reasonable jury could not find Defendant Wolfe's use of force was excessive. Defendant Wolfe hit Plaintiff numerous times, he was the first deputy to come into contact with Plaintiff on the day of the incident, and Plaintiff did incur some injury.  Opp'n 8:22-23; 9:2-6; 3:19-21.  There is sufficient evidence to support the jury's verdict and there is no evidence of a clear error of law or manifest injustice.  Granting a request to alter or amend the judgment pursuant to FRCP 59(e) is an extraordinary remedy to be used sparingly, and the case at hand does not demand such.  Therefore, Defendant Wolfe's request to alter or amend the judgment pursuant to FRCP 59(e) is **DENIED**.

### 3. The Court **DENIES** Defendant Wolfe's Rule 59(a) Motion for a New Trial

Defendant Wolfe argues that if the Court denies his Motion for Judgment as a Matter of Law, in the alternative, he requests the Court grant a Motion for a New Trial. Mot. 22:16-17. If the Court cannot determine if Defendant Wolfe is entitled to qualified immunity because there are outstanding factual disputes that need to be resolved by a jury, then the Court should grant a new trial because the Court declined to give Defendants' proposed special interrogatories. Id. at 23:10-15, 19-20; Reply 9:18-10:2. Plaintiff argues a new trial should not be granted because Defendant Wolfe failed to specify any error of law and he had every opportunity to submit revised interrogatories, however he did not. Opp'n 7:17-27.

A court may grant a new trial for any reason for which historically a new trial has been granted, including if the verdict is against the weight of the evidence, the damages are excessive, or for other reasons that the trial was not fair to the moving party. Fed. R. Civ. P. 59(a); Molski, 481 F.3d at 730. Procedural errors may permit the granting of a new trial; however, they must be found to be prejudicial. Anglo-America General Agents, 83 F.R.D. at 43. The party seeking a new trial bears the burden of proof for a motion for a new trial and courts "should not lightly disturb a plausible jury verdict." Id.

Here, Defendant Wolfe argues for a new trial on the basis of a procedural error; the Court's failure to issue interrogatories to the jury that would provide the factual determinations necessary for the Court to grant qualified immunity. Reply 9:18-10:2. However, Defendant Wolfe offers no case law to support this assertion. Moreover, there is no indication that the Court's action was erroneous or that it was prejudicial.

A court's decision to decline to issue special interrogatories to the jury is a matter committed to the discretion of the trial court. See <u>Acosta v. City and County of San Francisco</u>, 83 F.3d 1143, 1149 (9th Cir. 1996) <u>abrogation recognized by</u> <u>Randall v. Williamson</u>, 211 F. App'x 565 (9th Cir. Nov. 22, 2006) (unpublished)(finding that the district court judge's decision to not issue special interrogatories to the jury was well within his discretion). In this case, the Court reviewed the interrogatories, and relayed its concerns to Defendants giving them a chance to revise and submit more appropriate questions to give to the jury. Ultimately, the Court determined that the interrogatories were not proper because they would not aid the Court in determining if Defendants would possibly be entitled to qualified immunity. Although this was not the outcome Defendant Wolfe wanted, the decision was well within the discretion of the Court, and it did not constitute procedural error.

Finally, the decision did not prejudice Defendant Wolfe. Qualified immunity is a question of law to be decided by the court. Torres v. City of Los Angeles, 548 F. 3d 1197, 1210 (9th Cir. 2008). Courts have stressed the importance of resolving qualified immunity questions at the earliest possible stage in litigation. Tortu, 556 F.3d at 1081-83. However, where a qualified immunity claim cannot be resolved before trial due to a factual conflict, it is a party's responsibility to preserve the legal issue for determination with a Rule 50(a) motion after the jury resolves the factual conflict. Id. at 1084. Here, regardless of the submission of interrogatories to the jury, it was Defendant Wolfe's duty to preserve the legal issue by making a Rule 50(a) motion. However, Defendant Wolfe did not. Even if the Court provided the interrogatories, this would not change this Court's ruling on Defendant Wolfe's inability to assert qualified immunity because of the lack of a Rule 50(a) motion. Therefore, denying the submission of interrogatories did not prejudice Defendant Wolfe, and because that is Defendant Wolfe's only basis to request a new trial, his request for a new trial is **DENIED**.

///
///
///
///
///

### IV. Conclusion

For the reasons set forth above, the Court **DENIES** Defendant Wolfe's Motion for Qualified Immunity as Judgment as a Matter of Law and to Alter or Amend the Judgment and Defendant Wolfe's Motion for a New Trial.

**IT IS SO ORDERED.**

DATED: June 27, 2017     s/ RONALD S.W. LEW

                                        **HONORABLE RONALD S.W. LEW**
                                        Senior U.S. District Judge