O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN YOUNG,<br><br>        Plaintiff,<br><br>   v.<br><br>ARON WOLFE; and ROBERTO OCHOA,<br><br>        Defendants. | CV 07-03190 RSWL-AJWx<br><br>**ORDER re: Plaintiff's *Ex Parte* Application to Settle Fee Dispute** [454] |

Currently before the Court is Plaintiff John Young's ("Plaintiff") *Ex Parte* Application for the Court to Intervene and Settle Fee Dispute ("Application") [454]. Having reviewed all papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Application.

**I. DISCUSSION**

**A.** <u>**Legal Standard**</u>

*Ex parte* applications are for extraordinary relief.

1

For *ex parte* relief to be granted, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). The moving party also must be without fault in creating the crisis that requires *ex parte* relief, or excusable neglect must have caused the crisis. Id.

**B. Analysis**

Plaintiff filed the instant Application requesting the Court intervene and settle a fee dispute Plaintiff is currently having with his counsel. Plaintiff filed his Application *ex parte*, but he does not address why *ex parte* relief is warranted. The Court finds no reason why Plaintiff's Application could not be heard as a regularly-noticed motion. Accordingly, the Court **DENIES** Plaintiff's Application as an improper *ex parte* application.

Further, the parties in this Action reached a settlement, and the Court entered judgment on May 10, 2018 [451]. The Action was dismissed on June 19, 2018 [453] and is closed. While Plaintiff asserts in his Application that the Court has ancillary jurisdiction to adjudicate fee disputes Plaintiff has with his counsel, "the exercise of ancillary jurisdiction over an attorney's fees dispute is discretionary." K.C. v. Torlakson, 762 F.3d 963, 971 (9th Cir. 2014). The fee

dispute does not go to the core of the causes of action in this matter, and the matter has been dismissed. See Tamosaitis v. URS Corp., No. CV-11-5157-LRS, 2016 U.S. Dist. LEXIS 6761, at *5-6 (E.D. Wash. Jan. 20, 2016) (declining to exercise ancillary jurisdiction over fee dispute when a settlement had been reached and the fee dispute "did not arise as a matter of necessity from anything which occurred in the underlying proceedings" (quotation omitted)). Consequently, the Court declines to exercise ancillary jurisdiction over the fee dispute.

## II. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Application.

**IT IS SO ORDERED.**

DATED: July 7/10/2018       s/ RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge